ANGEL ARROYO RIVERA, recurrente, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 638.—*Sometido:* Mayo 4, 1926. *Resuelto:* Junio 4, 1926.

1. EJECUCIÓN—VENTA—FORMA, PROCEDER *(Conduct)*, VALIDEZ, Y CONFIRMACIÓN Y ANULACIÓN—INSCRIPCIÓN DE VENTA EN EJECUCIÓN—PROPIEDADES QUE PASAN POR LA VENTA—EJECUCIÓN DE HIPOTECA.—Cuando por hipoteca debidamente inscrita el deudor obliga la finca—un solar—por futuras edificaciones, si al verificarse la venta en ejecución de la finca ésta se adjudica con una casa en ella fabricada con posterioridad a la hipoteca, aún cuando la edificación se hubiere hecho por, y pertenezca a persona distinta del deudor, procede inscribir la venta de la casa en ejecución a favor del *adjudicatario.*

2. EJECUCIÓN—VENTA—FORMA, PROCEDER *(Conduct)*, VALIDEZ, Y CONFIRMACIÓN Y ANULACIÓN—INSCRIPCIÓN DE VENTA EN EJECUCIÓN—PROPIEDADES INCLUIDAS, INSCRITAS A FAVOR DE TERCEROS.—Aún cuando una hipoteca incluya cualquier casa que hubiere de construirse en la finca hipotecada si vendida la finca en ejecución ésta se adjudica con una casa en ella enclavada, y no puede determinarse que la casa incluida en la adjudicación no sea la referida en inscripción de la finca y que aparece inscrita a favor de personas distintas del deudor, no procede inscribir la venta de la casa en ejecución a favor del adjudicatario.

NOTA de *A. Malaret,* R. (Sección Primera, San Juan), denegando inscripción de escritura de venta judicial en cuanto a una casa adjudicada en la venta. *Confirmada.*

*Angel Arroyo,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El recurrente es el dueño mediante cesión de un crédito hipotecario. Y en la escritura en que se constituyó la hipoteca el deudor había convenido en que cualquier edificación que se levantara en el solar quedaría sujeta a la hipoteca. Un procedimiento ejecutivo hipotecario con todas las debidas notificaciones del mismo en el registro .trajo por consecuencia la venta en ejecución al actual dueño de la hipoteca que es el recurrente en este caso. La venta en ejecución y la escritura del marshal comprendían una casa de madera techada de zinc con balcón al frente.

Al ser presentada la escritura de venta judicial al registrador, inscribió éste la venta del solar pero se negó a verificar la inscripción. de la casa. Su nota es la siguiente:

"Inscrito el precedente documento en cuanto al solar, y denegada la inscripción en cuanto a la casa por resultar inscrita a favor de personas distintas del ejecutado, no pudiendo determinarse que la casa que se incluye en la adjudicación no sea la referida en la inscripción tercera de la finca que está inscrita a favor de distintas personas, tomando en su lugar anotación preventiva por. el término legal. . . . ."

[1] En enero 7, 1926, dos mujeres mostrando un permiso del dueño del solar, inscribieron a su favor la casa por título de edificación en el terreno en cuestión. Indiscutiblemente, con la condición debidamente inscrita de que las futuras edificaciones quedarían sujetas a la hipoteca las reclamantes no eran terceros, y su alegada casa estaba sujeta a la hipoteca y posiblemente a la venta en ejecución como realmente tuvo lugar. Si el registrador se está refiriendo precisamente a la misma casa que fué vendida en el procedimiento ejecutivo sumario, entonces el recurrente probablemente tiene razón y la venta de la casa en ejecución también debió haber sido inscrita. No podemos convenir, pues, con el registrador en que el contrato del deudor debidamente inscrito, por virtud del cual obligó la finca por futuras edificaciones, estaba limitado a edificaciones hechas por el deu-

dor primitivo. Aquí la edificación se hizo al parecer con el consentimiento del mismo deudor.

[2] La dificultad que tenemos es una sobre la identificación. La nota dice, en efecto, que no consta que la casa vendida sea la misma que aparece inscrita a favor de las dos mujeres. Aunque la hipoteca incluía cualquier casa que hubiera de construirse, no consta que la casa vendida realmente por el márshal sea la misma que se ha construído por estas dos personas ajenas al contrato de hipoteca.

Un certificado del márshal debidamente hecho ante un notario de que sólo había una casa en la finca probablemente aclararía la situación pero esta sugestión en cuanto al modo no es obligatoria para el recurrente, ni para el registrador.

*Debe confirmarse la nota recurrida.*